

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

RONALD E. HAWKINS, SR.

    Plaintiff,

v.                                    Civil Action No. 3:16cv216

CITY OF RICHMOND, et al.,

    Defendants.

### MEMORANDUM OPINION

This matter is before the Court on the DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 15), filed by the City of Richmond, the DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 33), filed by the City of Richmond Police Department, Earl Fernandez, R.L. Jamison, and Michael Mocello, the AMENDED MOTION TO DISMISS (Docket No. 37), filed by Defendants City of Richmond Magistrate Office, Martesha Bishop, and Gary Woolbridge, and on the MOTION FOR LEAVE TO AMEND COMPLAINT (Docket No. 42), filed by the Plaintiff. For the reasons stated below, the DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 15), the DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 33), and the AMENDED MOTION TO DISMISS (Docket No. 37), filed by Defendants City of Richmond Magistrate Office, Martesha Bishop, and Gary Woolbridge, will be granted, and the MOTION FOR LEAVE TO AMEND

COMPLAINT (Docket No. 42), filed by the Plaintiff, will be denied.

## BACKGROUND

Plaintiff Ronald E. Hawkins, Sr. ("Hawkins") alleges that on August 29, 2014, he was on the porch at his mother's house when two officers, one unnamed and one named R.L. Jamison ("Jamison"), approached and informed Hawkins that he would "have to go with them" because there was "a warrant downtown for the Plaintiff's arrest." (Compl. ¶¶ 13-20, Docket No. 3). The officers did not produce a warrant or inform Hawkins of the charges against him. (Compl. ¶¶ 16-20). With the assistance of a third officer, Earl Fernandez ("Fernandez"), Jamison and Jamison's unnamed partner transported Hawkins to an interrogation room in a police department. (Compl. ¶¶ 21-22).

Officer Michael Mocello ("Mocello") is alleged to have entered the interrogation room, and also declined to produce a warrant or state the charges against Hawkins. (Compl. ¶¶ 23-29). Mocello allegedly questioned Hawkins about selling an unnamed girl drugs and showing that girl a gun, and insinuated that Hawkins would be "cleared" if it could be determined that this gun had not been fired. (Compl. ¶¶ 30-37). Hawkins, "after being misled [about] the nature of the charge, was compelled to incriminate himself to prove that he didn't shoot anyone," in

the process "giving [away the] location of a gun that he was aware of belonging to his brother." (Compl. ¶ 37).

Although Hawkins was not shown a warrant, Mocello had, in fact, sought and obtained a warrant for Hawkins's arrest. However, Hawkins argues that "the facts and circumstances were insufficient to establish probable cause to believe that [Hawkins] had committed a criminal offense," and that "no officer of reasonable competence would have concluded that probable cause existed." (Compl. ¶ 81). Hawkins further alleges that Mocello obtained the warrant by knowingly, deliberately, or recklessly omitting information which was material to the finding of probable cause. (Compl. ¶ 83). Hawkins alleges that Magistrate Judge Martesha Bishop ("Bishop") acted in concert with Mocello to issue this warrant. (Compl. ¶ 82).

After the firearm was retrieved, Mocello informed Hawkins that the charge against him was possession of a firearm by a convicted felon. (Compl. ¶ 38). That charge was nolle prosequi'd by the City of Richmond on October 9, 2014 because a laboratory had not yet returned an unspecified report. (Compl. ¶¶ 42-49). That day, however, Hawkins was shown two indictments dated October 8, 2014, charging him with (1) distribution of a controlled substance, and (2) possession of a firearm while attempting to distribute a controlled substance. (Compl. ¶ 50). Hawkins alleges that the evidence supporting the indictments was

taken from the August 29, 2014 interrogation. (Compl. ¶ 51). On November 5, 2014, Hawkins was indicted "on the same firearm charge" that had been <u>nolle prosequi</u>'d on October 9, 2014. (Compl. ¶ 52). The evidence supporting that indictment was also allegedly taken from the August 29, 2014 interrogation. (Compl. ¶ 52).

Following the October and November indictments, Hawkins was represented by Christopher Bradshaw ("Bradshaw"). (Compl. ¶¶ 53-57). Hawkins and Bradshaw disagreed on litigation strategy. (Compl. ¶¶ 57-60). Particularly, Hawkins wanted to file a motion to suppress, while Bradshaw, after discussions with prosecuting attorney Davis Powell, believed such a motion would be frivolous. (Compl. ¶¶ 60-65, 72-77). On April 3, 2015, Judge Bradford Cavedo allowed Hawkins to change counsel, and appointed David P. Baugh as Hawkins's attorney. (Compl. ¶¶ 61-65). Judge Cavedo recused himself from Hawkins's case which was then transferred to Judge Beverly Snukals. (Compl. ¶¶ 66).

A suppression hearing was scheduled in Hawkins's case. (Compl. ¶¶ 77-78). Hawkins "wanted to go forward with the hearing," but received "a message through his attorney David P. Baugh from a Richmond Police Office[r] Fernandez informing Plaintiff to accept the plea deal" which was being offered. (Compl. ¶¶ 79). "Hawkins felt intimidated and felt that he was not receiving Due Process and had no other choice but to take a

[p]lea deal." (Compl. ¶¶ 80). Hawkins was convicted of distribution of cocaine in violation of **Va. Code** § 18.2-248(c) and sentenced to ten years of incarceration, with nine years and three months suspended for a period of ten years, with credit for time served. (Docket No. 35-1, Ex. 1).

Hawkins filed this action pro se and in forma pauperis against the City of Richmond ("the City"); the City of Richmond Police Department ("the Police Department"); the City of Richmond's Magistrate Office ("the Magistrate Office"); Richmond police officers Mocello, Fernandez, and Jamison in their official capacities ("the individual officers"); and Richmond Magistrate Judge Martesha Bishop and Chief Magistrate Judge Gary Woolbridge ("the Magistrate Judges"), also in their official capacities. Plaintiff presents six claims: (1) Count One alleges that Plaintiff was arrested without probable cause; in violation of the Fourth and Fourteenth Amendments; (2) Count Two alleges malicious prosecution; (3) Count Three alleges false arrest and false imprisonment; (4) Count Four alleges denial of Due Process, in violation of the Fifth Amendment; (5) Count Five alleges denial of effective counsel, in violation of the Sixth Amendment; and (6) Count Six alleges a violation of plaintiff's right to Equal Protection, in violation of the Fourteenth Amendment. Hawkins seeks declaratory and injunctive relief, unspecified equitable relief, and compensatory damages.

Between June 8, 2016 and June 24, 2016, all Defendants filed motions to dismiss. (Docket Nos. 15, 33, 37). On June 30, 2016, Hawkins filed a motion for an extension of time to respond to these motions. (Docket No. 40). On July 1, 2016, the Court granted Hawkins's request and ordered that Hawkins submit his responses to the motions by July 26, 2016. (Docket No. 41). Rather than file a reply, Hawkins filed a motion for leave to amend his Complaint. (Docket No. 42). Defendants have not filed responses to Hawkins's motion for leave to amend.

## LEGAL STANDARD

In all civil cases, pro se or otherwise, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint. <u>Jordan v. Alternative Resources Corp.</u>, 458 F.3d 332, 338 (4th Cir. 2006). When deciding a motion to dismiss under Rule 12(b)(6), a court must "draw all reasonable inferences in favor of the plaintiff." <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 253 (4th Cir. 2009). However, while the court "will accept the pleader's description of what happened" and "any conclusions that can be reasonably drawn therefrom," the court "need not accept conclusory allegations encompassing the legal effects of the pleaded facts." **Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure** § 1357 (3d ed.1998); <u>Chamblee v. Old Dominion Sec. Co., L.L.C.</u>, No. 3:13CV820, 2014 WL 1415095,

*4 (E.D. Va. 2014). The court is not required to accept as true a legal conclusion unsupported by factual allegations. Iqbal, 556 U.S. at 678-79.

As a threshold matter, the Court recognizes that Hawkins's pro se status entitles his pleadings to a liberal construction. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[e]ven pro se plaintiffs must recognize Rule 8's vision for 'a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims.'" Sewraz v. Guice, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008) (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)). The requirement of liberal construction "does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court." Skelton v. EPA, 2009 WL 2191981, at *2 (D.S.C. July 16, 2009) (citing Weller v. Dept. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990)).

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Leave to amend a pleading should be denied only when the amendment would be prejudicial to the

7

opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Djenasevic v. Dep't of Justice, No. 16-6085, 2016 WL 4120669, at *1 (4th Cir. Aug. 3, 2016) (quoting Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)); see also Foman v. Davis, 371 U.S. 178, 182 (1962). At this time, neither prejudice nor bad faith appear to be at issue. However, given the issues presented by the motions to dismiss, it is necessary to assess whether any amendment would be futile.

## ANALYSIS OF LAW

The claims asserted by Hawkins in the Complaint are clearly barred by judicial immunity, the limitations on vicarious municipal liability under § 1983, and the doctrine of Heck v. Humphrey, 512 U.S. 477, 487 (1994). Thus, the motions to dismiss must be granted. For the same reasons, any amendment would be futile, necessitating denial of the motion for leave to file an amended complaint.

### A. Claims Against the Magistrate Judges and the Magistrate Judges' Office Are Clearly Barred by Judicial Immunity

It is beyond dispute that judicial officers may not be held liable for an award of money damages so long as they have acted within their jurisdiction. See Pulliam v. Allen, 466 U.S. 522, 543 (1984); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.

1987) ("As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity."); Murphy v. Ross, No. 3:14CV870, 2015 WL 1787351, at *3 (E.D. Va. Apr. 15, 2015) (collecting circuit court opinions). There is also no question that magistrates are judicial officers, **Va. Code** § 19.2-119 ("'Judicial officer' means, unless otherwise indicated, any magistrate serving the jurisdiction"), or that a state magistrate has authority and jurisdiction under state law to issue search warrants, **Va. Code** § 19.2-45 ("A magistrate shall have the following powers ... To issue search warrants in accord with the provisions of §§ 19.2-52 to 19.2-60 of the Code[.]").

Judicial immunity "is vitiated only when the judicial officer acts in the clear absence of all jurisdiction." Pressly, 831 F.2d at 517 (citing Stump v. Sparkman, 435 U.S. 349 (1978)). The fact that a judicial officer has acted erroneously does not mean that the judicial officer has acted without jurisdiction. Griffin v. Thornburg, No. 1:08CV222, 2008 WL 2512901, at *4 (W.D.N.C. June 19, 2008). The Supreme Court explained that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump, 435 U.S. at 356-5. "A judge is absolutely immune from liability

for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Id. at 359. Instead, the relevant inquiry relates to whether the party "dealt with the judge in his judicial capacity." Id. at 362. Because Magistrate Judge Bishop performed a function normally performed by a magistrate in her judicial capacity – issuing a warrant – she acted within his jurisdiction regardless of whether any errors attended the exercise of this jurisdiction.

With judicial immunity serving as such a broad shield for Magistrate Judge Bishop's actions in issuing the arrest warrant, there is no plausible construction of the Complaint under which relief can be granted. Additionally, because Hawkins cannot state a claim against Magistrate Judge Bishop for her actions, it is equally impossible for Hawkins to state a claim against her alleged supervisor, Chief Magistrate Judge Woolridge, or her employer. Therefore, the AMENDED MOTION TO DISMISS (Docket No. 37), filed by Defendants City of Richmond Magistrate Office, Martesha Bishop, and Gary Woolbridge, will be granted, and all claims against the City of Richmond Magistrate Office, Martesha Bishop, and Gary Woolbridge, will be dismissed.

There is no amendment that Hawkins might make that could state a viable claim for relief against Magistrate Judge Bishop. Leave to amend the Complaint against Magistrate Judge Bishop would accordingly be futile. Therefore, Hawkins's motion for

leave to amend will be denied as it pertains to Magistrate Judge Bishop, Chief Magistrate Judge Woolrich, and the City of Richmond Magistrate's Office or any reasonably equivalent entity.[1]

> **B.   Claims Against the City of Richmond and the City of Richmond Police Department are Clearly Barred by Limitations on Vicarious Liability of Municipalities**

Hawkins's claim pursuant to 42 U.S.C. § 1983 against the City is predicated upon a theory of vicarious liability or respondeat superior that is not a legally cognizable theory. *Monell v. Dep't of Soc. Serv. Of City of N.Y.*, 436 U.S. 658, 694 (1978). However, "under *Monell*, municipal liability arises only where the municipality, *qua municipality*, has undertaken an official policy or custom which causes a deprivation of the plaintiff's constitutional or statutory rights." *Brown v. Mitchell*, 327 F. Supp. 2d 615, 629 (E.D. Va. 2004). Thus, in order to state a claim against the City, Hawkins must set forth a sufficient factual basis to support a finding that: (1) the City had a policy or custom of deliberate indifference to the deprivation of the constitutional right alleged to have been violated; and (2) this policy or custom caused, or contributed

---

[1] Defendants state that "there is no such legal entity entitled 'City of Richmond Magistrate's Office," and that magistrates are instead supervised by the Office of the Executive Secretary. (Def.'s Mem. in Supp. of Mtn. to Dismiss, Docket No. 25, 11). Because Hawkins cannot state a claim against Magistrate Judge Bishop's employer, whoever that employer is, the Court will not discuss the matter further.

to cause, the complained of injury. Westmoreland v. Brown, 883 F. Supp. 67, 75 (E.D. Va. 1995) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985)); see also Owen v. City of Independence, 445 U.S. 622, (1980).

Hawkins has not pled the existence of any policy that would entitle him to pursue a claim based on municipal liability. Therefore, Hawkins's claims against the City must be dismissed as legally insufficient.

Moreover, the Complaint makes clear that there is no plausible basis for amendment that would state a claim that would be viable under Monell. Thus, the City's motions to dismiss will be granted and the motion for leave to amend will be denied.

The claims against the City of Richmond Police Department fail under the same analysis because the Police Department is, for the purposes of a suit against it, a part of the City.

> "In Virginia, an operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued." Muniz v. Fairfax County Police Dep't, No. 1:05CV466 (JCC), 2005 WL 1838326, at *2 (E.D. Va. Aug. 2, 2005) (citing Davis v. City of Portsmouth, 579 F.Supp. 1205, 1210 (E.D. Va. 1983), aff'd, 742 F.2d 1448 (4th Cir. 1984)). The [Richmond Police Department] has not been vested with such a capacity. Dance v. City of Richmond Police Dep't, No. 3:09CV423 (HEH), 2009 WL 2877152, at *4 (E.D. Va. Sept. 2, 2009). The Court will therefore treat all claims against the

12

City and the RPD as against the City only. _Burnley v. Norwood_, No. 3:10CV264-HEH, 2010 WL 3063779, at *5 (E.D. Va. Aug. 4, 2010). The principles which would make dismissal against the City of Richmond inevitable also apply to the Police Department, and that inevitability renders amendment against the Police Department futile.

For the foregoing reasons, the DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 33), filed by Defendants City of Richmond Police Department, Earl Fernandez, R.L. Jamison, and Michael Mocello, will be granted to the extent that it seeks a dismissal against the City of Richmond Police Department,[2] and all claims against the City of Richmond Police Department will be dismissed with prejudice.

### C.   Claims Against All Defendants are Barred by _Heck v. Humphrey_

Finally, to the extent that Hawkins intended to assert a claim for a defect in his legal proceedings that would implicate the validity of his confinement, those claims are barred as to all Defendants[3] by _Heck v. Humphrey_, 512 U.S. at 487.

---

[2] Claims against the individual officers will be assessed and dismissed in the following section.

[3] The Court notes that claims against the individual officers would face the additional hurdle of overcoming qualified immunity. _Anderson v. Creighton_, 483 U.S. 635, 640 (1987); _see also Pearson v. Callahan_, 555 U.S. 223, 232 (2009); _Henry v. Purnell_, 501 F.3d 374, 376-78 (4th Cir.2007); _Danjczek v. Spencer_, 156 F. Supp. 3d 739, 744 (E.D. Va. 2016).

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment,
> or for other harm caused by actions whose
> unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has
> been reversed on direct appeal, expunged by
> executive order, declared invalid by a state
> tribunal authorized to make such
> determination, or called into question by a
> federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254. A claim for
> damages bearing that relationship to a
> conviction or sentence that has not been so
> invalidated is not cognizable under § 1983.
> Thus, when a state prisoner seeks damages in
> a § 1983 suit, the district court must
> consider whether a judgment in favor of the
> plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed
> unless the plaintiff can demonstrate that
> the conviction or sentence has already been
> invalidated.

Heck, 512 U.S. at 486-87. The Supreme Court reads Heck to cover

any form of relief that implicates the constitutionality of

criminal procedures related to a plaintiff's criminal case.

> [A] state prisoner's § 1983 action is barred
> (absent prior invalidation) — no matter the
> relief sought (damages or equitable relief),
> no matter the target of the prisoner's suit
> (state conduct leading to conviction or
> internal prison proceedings) — if success in
> that action would necessarily demonstrate
> the invalidity of confinement or its
> duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); see also, e.g.,

Griffin v. Balt. Police Dep't, 804 F.3d 692, 697 (4th Cir.

2015); Via v. Fahey, No. CIV.A. 3:07CV778, 2009 WL 223113, at *2

(E.D. Va. Jan. 29, 2009). The requirement of favorable termination encompasses: malicious prosecution, Heck, 512 U.S. at 486-87; false imprisonment and false imprisonment pursuant to a deficient warrant, e.g., Miller, 475 F.3d at 627-28 (4th Cir. 2007); ineffective assistance of counsel, e.g., Blaney v. Driscoll, No. CIV.A. 98-1449-AM, 2002 WL 31962249, at *2 (E.D. Va. Apr. 18, 2002), aff'd, 46 F. App'x 724 (4th Cir. 2002).

Hawkins's proceedings were not favorably terminated. By his own admission, Hawkins pled guilty. (Compl. ¶ 80).[4] This means that Hawkins cannot state a claim for any form of relief against any Defendants, and all such claims must be dismissed.

Moreover, there is no possible amendment that would not require dismissal under 28 U.S.C. § 1915(e)(2)(i). Thus, amendment is futile and accordingly improper under Fed. R. Civ. P. 15(a)(2).

For the foregoing reasons, the DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 15), the DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 33), filed by Defendants City of Richmond Police Department, Earl Fernandez, R.L. Jamison, and Michael Mocello, and the AMENDED MOTION TO DISMISS (Docket No. 37), filed by Defendants City of Richmond Magistrate Office, Martesha Bishop, and Gary

---

[4] Hawkins appears to be under a suspended sentence, but not presently incarcerated. E.g., Docket No. 35, Ex. 1.

Woolbridge, will be granted, and all claims against all Defendants will be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, the DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 15), the DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Docket No. 33), and the AMENDED MOTION TO DISMISS (Docket No. 37), filed by Defendants City of Richmond Magistrate Office, Martesha Bishop, and Gary Woolbridge, will be granted. All claims against all Defendants will be dismissed with prejudice. The MOTION FOR LEAVE TO AMEND COMPLAINT (Docket No. 42), filed by the Plaintiff, will be denied.

IT IS SO ORDERED

_____/s/_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 16, 2016

16